Syeda BUKHARI, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–74966.

United States Court of Appeals, Ninth Circuit.

Submitted April 5, 2006.*

Filed April 10, 2006.

Saad Ahmad, Fremont, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of The District Counsel, Department of Homeland Security, San Francisco, CA, OIL, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HAWKINS, McKEOWN, and PAEZ, Circuit Judges.

MEMORANDUM **

Syeda Bukhari, a native and citizen of Pakistan, petitions for review of the Board of Immigration Appeals' order summarily affirming an immigration judge's ("IJ") order denying her applications for cancellation of removal, asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We dismiss in part and deny in part the petition for review.

■ We lack jurisdiction to review the IJ's discretionary determination that Bukhari failed to demonstrate exceptional and

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

extremely unusual hardship. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 929–30 (9th Cir.2005). Moreover, Bukhari's contention that the IJ denied her due process by not considering the facts of her case in the aggregate, and by misapplying case law, is merely a challenge to the hardship determination. *See id.* at 930. We therefore dismiss this portion of the petition for review.

We review for substantial evidence an adverse credibility determination. *Chebchoub v. INS,* 257 F.3d 1038, 1042 (9th Cir.2001). Substantial evidence supports the agency's conclusion that Bukhari lacked credibility because her application omitted facts in her testimony that go to the heart of her claim. *See id.* at 1043. For instance, although Bukhari testified that her father was shot and killed by the members of the Mohafir Quani Movement ("MQM"), her application only states that her father died, with no reference to his death being either a murder or the result of his political affiliation. Additionally, Bukhari failed to include in her asylum application any information regarding the stoning of her house or the incident where members of the MQM broke into her house and assaulted her. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1254 (9th Cir.2003) (upholding an adverse credibility finding based on a pivotal omission from the alien's asylum application going to the heart of the claim). In light of the adverse credibility finding, Bukhari failed to establish eligibility for relief. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156–57 (9th Cir. 2003) (an adverse credibility finding may be dispositive of an applicant's eligibility for asylum, withholding of removal, and CAT relief).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.