Raui GARCIA–CORONA;
et al., Petitioners,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 04–76377.

United States Court of Appeals,
Ninth Circuit.

Submitted April 13, 2006.*

Decided April 18, 2006.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

818

Frank H. Kim, Esq., San Francisco, CA, for Petitioners.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SILVERMAN, MCKEOWN, and PAEZ, Circuit Judges.

MEMORANDUM **

Raul Garcia–Corona, his wife Ernestina Aniya Medina, and their son Eduardo Garcia–Aniya, all natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' dismissal of their appeals of an immigration judge's pretermission of their applications for asylum, and denial of their applications for withholding of removal, protection under the Convention Against Torture, and cancellation of removal. We have jurisdiction pur-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

suant to 8 U.S.C. § 1252. We dismiss in part, deny in part, and grant in part the petition for review.

We lack jurisdiction to review the agency's determinations that all three petitioners are statutorily ineligible for asylum based on the one-year bar. *See Ramadan v. Gonzales*, 427 F.3d 1218, 1221–22 (9th Cir.2005). We also lack jurisdiction to review the agency's determination that Ernestina failed to establish the requisite exceptional and extremely unusual hardship for cancellation of removal. *See Martinez–Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir.2005). We therefore dismiss these portions of the petition for review.

Substantial evidence supports the agency's determination that Eduardo is statutorily ineligible for cancellation of removal due to the lack of a qualifying relative. *See* 8 U.S.C. § 1229b(b)(1)(D). Substantial evidence also supports the agency's determination that all three petitioners failed to establish past persecution or a clear probability of persecution or torture in Mexico. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1153–54 (9th Cir.2005). We therefore deny these portions of the petition for review.

We conclude, however, that substantial evidence does not support the agency's determination that Raul knowingly and voluntarily accepted administrative voluntary departure thus breaking his continuous physical presence for purposes of cancellation of removal. Although an administrative voluntary departure constitutes a break in continuous physical presence, *see Vasquez–Lopez v. Ashcroft*, 343 F.3d 961, 972 (9th Cir.2003) (per curiam), we recently held that the fact that an alien is turned around at the border, even where the alien is fingerprinted and information about his attempted entry is entered into the government's computer database, does not in and of itself interrupt accrual of

physical presence, *see Tapia v. Gonzales*, 430 F.3d 997, 1002–1004 (9th Cir.2005).

On the record before us, we cannot determine whether Raul's return to Mexico by immigration officials was the result of an administrative voluntary departure or a voluntary return. Moreover, even assuming Raul accepted administrative voluntary departure, the record is not sufficiently developed for us to determine whether he knowingly and voluntarily accepted administrative voluntary departure. *See Ibarra Flores v. Gonzales*, 439 F.3d 614 (9th Cir. 2006) (explaining that an agreement for voluntary departure should be enforced against an alien only when the alien has been informed of, and has knowingly and voluntarily consented to, the terms of the agreement).

Accordingly, we remand Raul's cancellation of removal application to the Board for further proceedings. On remand, both parties are entitled to present additional evidence regarding any of the predicate eligibility requirements, including continuous physical presence.

**PETITION FOR REVIEW DISMISSED as to all three petitioners' asylum applications and Ernestina's cancellation application, PETITION FOR REVIEW DENIED as to all three petitioners' withholding of removal and CAT applications; PETITION FOR REVIEW GRANTED and REMANDED as to Raul's cancellation application.**