**Jose De Jesus SILVA GONZALEZ; et al., Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–72790.

United States Court of Appeals, Ninth Circuit.

Submitted April 13, 2006.*

Decided May 3, 2006.

Jose De Jesus Silva Gonzalez, Altadena, CA, pro se.

Raquel Flores De Silva, Altadena, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SILVERMAN, McKEOWN, and PAEZ, Circuit Judges.

MEMORANDUM **

Jose De Jesus Silva Gonalez and Raquel Flores De Silva, husband and wife and natives and citizens of Mexico, petition pro se for review of the decisions of the Board

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

of Immigration Appeals affirming without opinion the results of an immigration judge's denial of their application for cancellation of removal.

We lack jurisdiction to review the immigration judge's discretionary determination that petitioners failed to establish the requisite exceptional and extremely unusual hardship to a qualifying relative. 8 U.S.C. § 1252(a)(2)(B)(i); *Martinez–Rosas v. Gonzales*, 424 F.3d 926, 929–30 (9th Cir.2005).

Petitioners' equal protection challenge to the nationality-based distinctions in the Nicaraguan Adjustment and Central American Relief Act ("NACARA"), which permits aliens from certain countries to apply for special rule cancellation of removal in accordance with the more lenient terms of pre-IIRIRA[1] suspension-of-deportation law, lacks merit. *See Jimenez–Angeles v. Ashcroft*, 291 F.3d 594, 603 (9th Cir.2002) (rejecting equal protection challenge to NACARA's favorable treatment of aliens from certain war-ravaged countries).

Petitioners' contention that they are entitled to relief because their removal would violate the substantive due process rights of their United States citizen children is foreclosed. *See Urbano De Malaluan v. INS*, 577 F.2d 589, 594 (9th Cir.1978) (observing that the argument that "the deportation order would amount to a de facto deportation of the child and thus violate the constitutional rights of the child ... has been authoritatively rejected in numerous cases.") (citations omitted).

Petitioners' contentions regarding the summary nature of the Board's decision, which was issued pursuant to 8 C.F.R. § 1003.1(e)(4), are unavailing. *See Falcon Carriche v. Ashcroft*, 350 F.3d 845 (9th

Cir.2003) (holding that the Board's streamlining procedure comports with due process).

**PETITION FOR REVIEW DISMISSED IN PART AND DENIED IN PART.**

---

1. Illegal Immigration Reform and Immigration Responsibility Act, Pub.L. 104–208, Div. C., Title III, 110 Stat. 3009 (Sept. 30, 1996).