Ubaldo Ruben Gutierrez LUGO; Maria De Los Angeles Ortiz De Gutierrez; Giovanni Gutierrez Ortiz, Petitioners,

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–76755.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Filed Aug. 1, 2006.

Ubaldo Ruben Gutierrez Lugo, Anaheim, CA, pro se.

Maria De Los Angeles Ortiz De Gutierrez, Anaheim, CA, pro se.

Giovanni Gutierrez Ortiz, Anaheim, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Erica B. Miles, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

## MEMORANDUM **

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Ubaldo Ruben Gutierrez Lugo, his wife Maria de Los Angeles Ortiz de Gutierrez and their son, Giovanni Gutierrez Ortiz, natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's decision denying their applications for cancellation of removal. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review de novo constitutional claims in immigration proceedings. *See Ram v. INS*, 243 F.3d 510, 516 (9th Cir. 2001). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's discretionary determination that the adult petitioners failed to show exceptional and extremely unusual hardship to their United States citizen son. *See Martinez–Rosas v. Gonzales*, 424 F.3d 926, 929–30 (9th Cir.2005).

Substantial evidence supports the BIA's determination that Giovanni is ineligible for cancellation of removal because he lacks a qualifying relative. *See* 8 U.S.C. § 1229b(b)(1)(d).

Giovanni's equal protection challenge to the Nicaraguan Adjustment and Central American Relief Act ("NACARA") is foreclosed by our decision in *Jimenez–Angeles v. Ashcroft*, 291 F.3d 594, 602–03 (9th Cir. 2002) ("Congress's decision to afford more favorable treatment to certain aliens 'stems from a rational diplomatic decision to encourage such aliens to remain in the United States'").

Giovanni's due process challenge to NACARA also fails. *See Hernandez–Mezquita v. Ashcroft*, 293 F.3d 1161, 1165 (9th Cir.2002) (rejecting a due process challenge because petitioner failed to demonstrate that he was deprived of a qualifying liberty interest).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**