**Jorge Alfredo Giron RODAS; Maria Alvarado Garcia, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–72791.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Decided Aug. 1, 2006.

Jorge Alfredo Giron Rodas, South Gate, CA, pro se.

Maria Alvarado Garcia, South Gate, CA, pro se.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA,

Stacy S. Paddack, Kurt B. Larson, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, HAWKINS and THOMAS, Circuit Judges.

MEMORANDUM **

Jorge Alfredo Giron Rodas and his wife Maria Alvarado Garcia, natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' order affirming without opinion an immigration judge's decision denying their applications for cancellation of removal. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review de novo constitutional claims in immigration proceedings. *See Ram v. INS,* 243 F.3d 510, 516 (9th Cir.2001). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's discretionary determination that the petitioners failed to show exceptional and extremely unusual hardship. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 929–30 (9th Cir.2005).

The petitioners' equal protection challenge to the Nicaraguan Adjustment and Central American Relief Act ("NACARA") is foreclosed by our decision in *Jimenez–Angeles v. Ashcroft,* 291 F.3d 594, 602–03 (9th Cir.2002) ("Congress's decision to afford more favorable treatment to certain aliens 'stems from a rational diplomatic

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

decision to encourage such aliens to remain in the United States' ").

The petitioners' due process challenge to NACARA also fails. *See Hernandez–Mezquita v. Ashcroft,* 293 F.3d 1161, 1165 (9th Cir.2002) (rejecting a due process challenge because petitioner failed to demonstrate that he was deprived of a qualifying liberty interest).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**