Jorge RECIO–GONZALEZ, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–73481.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 24, 2006.

Filed Nov. 15, 2006.

Signe Dortch, Esq., Robert H. Gibbs, Esq., Gibson Houston & Pauw, Seattle, WA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., Norah Ascoli Schwarz, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KOZINSKI and FERNANDEZ, Circuit Judges, and CARNEY,* District Judge.

## MEMORANDUM **

■ **1.** We lack jurisdiction to review the IJ's discretionary decision to deny cancellation of removal for failure to show the requisite hardship. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *see also Martinez–Rosas v. Gonzales,* 424 F.3d 926, 929–30 (9th Cir.2005). To the extent we can review due process challenges, *see Martinez–Rosas,* 424 F.3d at 930, we find no colorable constitutional violation. First, the IJ and the cancellation of removal form gave Recio adequate notice of the requirements for cancellation. Second, the IJ fulfilled his obligation to assist Recio in presenting his case. In any event, Recio cannot show prejudice.

■ **2.** It is unclear from the administrative record whether the INS properly mailed the Notice of Decision for petitioner's Seasonal Agricultural Worker (SAW) application to his "last known address." *See* 8 C.F.R. § 103.3(a)(3) (notice requirements for SAW denial); *id.* § 210.4(d)(3) (requiring, albeit in a different immigration context, that "notice to the alien [be] sent by certified mail directed to his or her last known address"). The INS sent the notice to *1601* S. Park instead of *6001* S. Park, which was petitioner's current address. Recio originally applied for SAW relief under a different address, and nothing in the record indicates how Recio gave the INS his new address, or whether he gave the correct one. Because determination of Recio's "last known address" is dispositive of his due process challenge, we remand for additional fact-finding. If the agency cannot demonstrate that petitioner gave the INS the wrong address, i.e. 1601 S. Park, it should assume the INS did not provide petitioner with adequate notice, and proceed to consider the merits of his appeal of the SAW application decision.

---

* The Honorable Cormac J. Carney, United States District Judge for the Central District of California, sitting by designation.

**PETITION DISMISSED in part and GRANTED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.