Ramiro **HERNANDEZ–BELTRAN**, Petitioner,

v.

Alberto R. **GONZALES**, Attorney General, Respondent.

No. 05–74835.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006.*

Filed Dec. 12, 2006.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ramiro Hernandez–Beltran, Pomona, CA, pro se.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, John E. Cunningham, II, DOJ–U.S. Department of Justice Criminal Division/Fraud Section, Washington, DC, for Respondent.

Before: GOODWIN, LEAVY and FISHER, Circuit Judges.

## MEMORANDUM **

Ramiro Hernandez–Beltran, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying both his motion to terminate proceedings and his application for cancellation of removal. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We dismiss in part and deny in part the petition for review.

█ We lack jurisdiction to review the agency's discretionary determination that Hernandez–Beltran failed to show exceptional and extremely unusual hardship. See *Martinez–Rosas v. Gonzales,* 424 F.3d 926, 929–30 (9th Cir.2005).

█ Hernandez–Beltran contends the IJ erred in refusing to terminate proceedings where the government used confidential information from his application under the Special Agricultural Worker's ("SAW") program to initiate removal proceedings against him. This argument is unavailing, given that Hernandez–Beltran affirmatively applied for asylum after his SAW application was denied, the most recent Notice to Appear ("NTA") relied on information he provided in his asylum application, he admitted to all the allegations in the NTA and he conceded the new charge of removability.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.