### Victor CARMONA–GUDINO, Petitioner,

v.

### Alberto R. GONZALES, Attorney General, Respondent.

### No. 05–76553.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007 *.

Filed April 30, 2007.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Carlos A. Batara, Esq., San Diego, CA, for Petitioner.

CAS–District Counsel, Office of the District Counsel Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, M. Jocelyn Lopez Wright, Esq., Eric W. Marsteller, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GRABER, CLIFTON, and BEA, Circuit Judges.

## MEMORANDUM **

Victor Carmona–Gudino seeks review of an order of the Board of Immigration Appeals ("BIA") affirming an immigration judge's ("IJ") order denying Carmona's application for cancellation of removal. We review de novo claims of constitutional violations in immigration proceedings. *See Ram v. INS,* 243 F.3d 510, 516 (9th Cir. 2001). We dismiss the petition for review in part and deny in part.

Carmona's contention that the BIA violated his due process rights by disregarding his evidence of hardship is not supported by the record and does not amount to a colorable constitutional claim. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005) ("[T]raditional abuse of discretion challenges recast as alleged due process violations do not con-

** This disposition is not appropriate for publication and is not precedent except as provid-ed by 9th Cir. R. 36–3.

stitute colorable constitutional claims that would invoke our jurisdiction.").

■ Contrary to Carmona's contention, the IJ's interpretation of the hardship standard falls within the broad range authorized by the statute. *See Ramirez–Perez v. Ashcroft,* 336 F.3d 1001, 1004–06 (9th Cir.2003).

■ Carmona's final contention that the BIA violated his due process rights by denying to accept a late brief fails because he has not established any prejudice. *Cf. Singh v. Ashcroft,* 362 F.3d 1164, 1168–69 (9th Cir.2004) (finding due process violation when BIA sent briefing schedule and transcript to wrong address and denied petitioner's motion to file a late brief to explain allegedly inconsistent testimony).

**PETITION FOR REVIEW DISMISSED in part and DENIED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.