**Jesus Ayala VELAZQUEZ; Agustina Amezquita, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–71446.

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2007.[*]

Filed June 22, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Sung U. Park, Esq., Los Angeles, CA, for Petitioners.

Jesus Ayala Velazquez, Lynwood, CA, pro se.

Agustina Amezquita, Lynwood, CA, pro se.

District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Le-Fevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Kurt B. Larson, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, RYMER, and T.G. NELSON, Circuit Judges.

## MEMORANDUM **

Jesus Ayala Velazquez and Agustina Amezquita, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' decision dismissing their

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

appeal from an immigration judge's denial of their application for cancellation of removal on the ground that they failed to establish that their removal would result in exceptional and extremely unusual hardship to their two United States citizen children. We deny in part and dismiss in part the petition for review.

■ Pursuant to 8 U.S.C. § 1252(a)(2)(B)(i), we lack jurisdiction to review the discretionary determination that the petitioners failed to meet the hardship requirement of 8 U.S.C. § 1229b(b)(1)(D). *See Martinez–Rosas v. Gonzales*, 424 F.3d 926, 929–30 (9th Cir. 2005).

■ We have jurisdiction to consider colorable constitutional claims. *Id.* at 930. The petitioners contend that the standard for establishing the hardship necessary for cancellation of removal violates equal protection because it permits some United States citizens to suffer hardship and be denied the rights of citizenship. As respondent notes, the petitioners' children may remain in the United States upon their parents' removal. The petitioners' contention lacks merit. *See Urbano de Malaluan v. INS*, 577 F.2d 589, 594 (9th Cir.1978) (rejecting argument that deportation order for parents would amount to de facto deportation of child and thus violate child's constitutional rights). We therefore deny the petition for review in part.

■ The petitioners also contend that the immigration judge denied them due process by failing properly to analyze the evidence of hardship and that the Board denied them due process by failing to consider new evidence that they submitted with their brief. A difference of opinion as to the weight a piece of evidence should be given is not a colorable due process claim. *See Martinez–Rosas*, 424 F.3d at 930. We therefore dismiss the petition for review in part.

**PETITION FOR REVIEW DENIED in part and DISMISSED in part.**