**Maria Segura SEQUERA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 04–73417.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 10, 2007.*

Filed Aug. 14, 2007.

Simon Salinas, Esq., Tustin, CA, Juan Laguna, Santa Ana, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Joan E. Smiley, Esq., Richard M. Evans, Esq., Kristin A. Cabral, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KOZINSKI and RAWLINSON, Circuit Judges, and CEDARBAUM **, Senior District Judge.

MEMORANDUM ***

Maria Segura Sequera petitions for review of the Board of Immigration Appeals' (BIA) order affirming without opinion the Immigration Judge's (IJ) order granting her voluntary departure.

**1.** The IJ did not abuse his discretion by failing to continue Petitioner's removal

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* The Honorable Miriam Goldman Cedarbaum, Senior U.S. District Judge for the Southern District of New York, sitting by designation.

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

hearing. The record does not reflect that Petitioner requested a continuance and she does not argue on appeal that the IJ had an affirmative duty to *sua sponte* continue the hearing when she appeared without counsel.

2. The IJ did not violate Petitioner's due process rights by failing to continue the hearing due to alleged ineffective assistance of counsel (IAC). Petitioner cannot establish that she was prejudiced by the alleged IAC because she is statutorily ineligible for cancellation of removal, as she had resided in the United States for less than ten years when served with a Notice to Appear. *See* 8 U.S.C.A. §§ 1229b(b)(1)(A), (d)(1); *see also Lara–Torres v. Ashcroft,* 383 F.3d 968, 971–72, 975 (9th Cir.2004).

3. We lack jurisdiction to consider the merits of Petitioner's application for cancellation of removal. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir. 2005).

**PETITION DENIED IN PART AND DISMISSED IN PART.**