**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

MARIA MARTINEZ-ROSAS,
          *Petitioner-Appellant,*

v.

ALBERTO R. GONZALES, Attorney
General,

          *Respondent-Appellee.*

No. 04-36150

D.C. No.
CV-04-00152-EFS

OPINION

Appeal from the United States District Court
for the Eastern District of Washington
Edward F. Shea, District Judge, Presiding

Argued and Submitted
August 4, 2005—Seattle, Washington

Filed September 9, 2005

Before: David R. Thompson, Thomas G. Nelson, and
Kim McLane Wardlaw, Circuit Judges.

Opinion by Judge Wardlaw

## COUNSEL

Nicholas Marchi, Carney & Marchi, P.S., Seattle, Washington, for the petitioner.

James A. McDevitt, United States Attorney, and William H. Beatty, Assistant United States Attorney, Spokane, Washington, for the respondent.

## OPINION

WARDLAW, Circuit Judge:

Maria Martinez-Rosas, a native and citizen of Mexico, appeals the district court's order dismissing her 28 U.S.C. § 2241 habeas corpus petition, which challenged the order of removal entered by an immigration judge ("IJ") and affirmed by the Board of Immigration Appeals ("BIA"). We treat Martinez-Rosas' appeal as a petition for review pursuant to section 106(a) of the REAL ID Act of 2005, Pub. L. No. 109-13, Div. B., 119 Stat. 231 (2005), and dismiss in part and deny in part.

## I.

Martinez-Rosas entered the United States without inspection in 1987. On March 20, 1998, she was issued a Notice to Appear. At her hearing, Martinez-Rosas admitted unlawful entry, but requested cancellation of removal pursuant to 8 U.S.C. § 1229b. The IJ denied her request for cancellation of removal on the ground that she failed to establish that "removal would result in exceptional and extremely unusual

hardship to [her] spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." 8 U.S.C. § 1229b(b)(1)(D).

The BIA affirmed the IJ's decision without opinion pursuant to 8 C.F.R. § 1003.1(d)(2)(i). Martinez-Rosas then filed a petition for review, which we dismissed for lack of jurisdiction.

On May 7, 2004, Martinez-Rosas filed a Complaint for Declaratory Relief and Injunctive Relief and Petition for Writ of Habeas Corpus in the United States District Court for the Eastern District of Washington, claiming that (1) the IJ denied her right to due process by misapplying the applicable law to the facts of her case; and (2) the BIA denied her right to due process by summarily affirming the IJ's decision pursuant to 8 C.F.R. § 1003.1(d)(2)(i). Respondent the Department of Homeland Security ("DHS") successfully moved to dismiss her petition. The district court ruled that it lacked jurisdiction to review the IJ's subjective, discretionary determination that Martinez-Rosas failed to demonstrate "exceptional and extremely unusual hardship" under 8 U.S.C. § 1229b(b)(1)(D). It stated, however, that construed liberally, Martinez-Rosas' petition alleged constitutional error in the removal process, which it had jurisdiction to review. The court therefore proceeded to review Martinez-Rosas' constitutional claims, but ultimately dismissed those claims on the merits.

## II.

**[1]** On May 11, 2005, while this appeal was pending, the President signed into law the REAL ID Act of 2005, Pub. L. No. 109-13, Div. B., 119 Stat. 231 (2005). Section 106(a)(1)(B) of the Act amends 8 U.S.C. § 1252 by adding a new provision, § 1252(a)(5), as follows:

> Exclusive Means of Review.—Notwithstanding any other provision of law (statutory or nonstatutory),

including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e) [of this section].

REAL ID Act of 2005, Pub. L. No. 109-13, Div. B., § 106(a)(1)(B), 119 Stat. 231, 310 (2005). Section 106(b) further provides that the amendments made by subsection (a) apply retroactively. *Id.* at 311. Therefore, under the new judicial review regime imposed by the Act, a petition for review is now the exclusive means for challenging final removal orders by the BIA, except those issued pursuant to 8 U.S.C. § 1225(b)(1).

**[2]** To implement this new regime, section 106(c) of the Act provides that all habeas petitions brought by aliens that were pending in the district courts on the date of the Act's enactment are to be converted to petitions for review and transferred to the appropriate courts of appeals. *Id.* The Act does not, however, expressly address appeals from district courts' habeas decisions pending on the date of the Act's enactment. Because the Act is ambiguous, we look to its legislative history for congressional intent. *See United States v. Daas*, 198 F.3d 1167, 1174 (9th Cir. 1999). The Act's legislative history demonstrates that Congress intended a petition for review to be the exclusive means for judicial review of a final order of removal *as of the date of the Act's enactment. See* H.R. Rep. No. 109-72, at 301 (2005) (Conf. Rep.) ("[T]he bill would eliminate habeas review . . . over challenges to removal orders."). Moreover, treating appeals already pending in this court and cases transferred from the district courts in the same manner would obviate claims of disparate treatment by petitioners in either group. Therefore, we treat Martinez-Rosas'

appeal as a petition for review. *See Cordes v. Gonzales*, ___ F.3d ___, 2005 WL 2060851, *1 (9th Cir. Aug. 24, 2005) (holding that habeas appeals challenging final removal orders that were pending when the Act took effect should be treated as petitions for review); *Alvarez-Barajas v. Gonzales*, ___ F. 3d ___, 2005 WL 1906672, *2 (9th Cir. Aug. 11, 2005) (same). Two of our sister circuits have reached the same conclusion. *See Marquez-Almanzar v. INS*, ___ F.3d ___, 2005 WL 1864071, *1 (2d Cir. Aug. 8, 2005); *Bonhometre v. Gonzales*, 414 F.3d 442, 445-46 (3d Cir. 2005).

## III.

**[3]** Before the enactment of the REAL ID Act of 2005, we held that we lacked jurisdiction to review the denial of a request for cancellation of removal based on a rejected claim of "exceptional and extremely unusual hardship." *See Romero-Torres v. Ashcroft*, 327 F.3d 887, 888 (9th Cir. 2003). We held that whether an alien demonstrated "exceptional and extremely unusual hardship" under 8 U.S.C. § 1229b(b)(1)(D) was a discretionary determination and was therefore unreviewable under 8 U.S.C. § 1252(a)(2)(B)(i). *See id.* at 890-91.

**[4]** The REAL ID Act of 2005 did not alter our jurisdiction in this regard. Section 106(a)(1)(A)(iii) of the Act provides:

> Nothing in subparagraph (B) or (C), or in any other provision of this Act (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section.

REAL ID Act of 2005, Pub. L. No. 109-13, Div. B., § 106(a)(1)(A)(iii), 119 Stat. 231, 310 (2005). "By this amendment, Congress restored judicial review of constitu-

tional claims and questions of law presented in petitions for review of final removal orders." *See Fernandez-Ruiz v. Gonzales*, 410 F.3d 585, 587 (9th Cir. 2005). However, 8 U.S.C. § 1252(a)(2)(B)(i) continues to provide that "[n]otwithstanding any other provision of law . . . no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section . . . 1229b [the cancellation of removal provision]." 8 U.S.C. § 1252(a)(2)(B)(i). Therefore, we lack jurisdiction to review the IJ's subjective, discretionary determination that Martinez-Rosas did not demonstrate "exceptional and extremely unusual hardship" under 8 U.S.C. § 1229b(b)(1)(D).

## IV.

**[5]** We do have jurisdiction, however, to review Martinez-Rosas' due process claims. *See Fernandez-Ruiz*, 410 F.3d at 587. We review such constitutional claims *de novo*. *Torres-Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir. 2001).

**[6]** Although we retain jurisdiction to review due process challenges, a petitioner must allege at least a colorable constitutional violation. *Id.* "To be colorable in this context, the alleged violation need not be substantial, but the claim must have some possible validity." *Id.* (citations and quotations omitted). Martinez-Rosas' claim that the IJ denied her right to due process by misapplying the facts of her case to the applicable law does not meet this requirement. She does not contend that she was prevented from presenting her case before the IJ, denied a full and fair hearing before an impartial adjudicator, or otherwise denied a basic due process right. Rather, she contends that the IJ erred in finding that she did not meet the requirement of "exceptional and extremely unusual hardship." Such an assertion is nothing more than an argument that the IJ abused his discretion, a matter over which we have no jurisdiction. *See* 8 U.S.C. § 1252(a)(2)(B)(i). Therefore, we dismiss this claim. *See Torres-Aguilar*, 246 F.3d at 1271.

**[7]** Martinez-Rosas also argues that the BIA denied her right to due process by summarily affirming the IJ's decision pursuant to 8 C.F.R. § 1003.1(d)(2)(i). In *Falcon Carriche v. Ashcroft*, 350 F.3d 845 (9th Cir. 2003), we held that the BIA does not deny a petitioner's right to due process by summarily affirming an IJ's decision that he does not meet the statutory requirements for cancellation of removal, including the requirement that a qualifying United States citizen or lawfully admitted alien relative would suffer "exceptional and extremely unusual hardship" if the petitioner were removed. *Id.* at 848. Therefore, Martinez-Rosas' claim that the BIA denied her right to due process lacks merit.

## V.

In summary, habeas appeals challenging final removal orders that were pending on the date the REAL ID Act of 2005 became effective shall be treated as petitions for review. Although we have jurisdiction to review constitutional claims and questions of law presented in petitions for review of final removal orders, we lack jurisdiction to review the subjective, discretionary determination that an alien failed to satisfy the "exceptional and extremely unusual hardship" requirement for cancellation of removal. Furthermore, traditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction. Finally, our holding in *Falcon Carriche* forecloses Martinez-Rosas' challenge to the summary affirmance procedure adopted by the BIA. Therefore, we dismiss the petition in part and deny the petition in part.

**PETITION DISMISSED IN PART AND DENIED IN PART.**