Narine AZNAVOURYAN, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–74318.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2006.*

Decided Feb. 21, 2006.

---

D. Jade Mundel, Marks & Acalin, Los Angeles, CA, for Petitioner.

District Director, Office of the District Counsel Department of Homeland Securi-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

ty, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Ari Nazarov, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: FERNANDEZ, RYMER, and BYBEE, Circuit Judges.

### MEMORANDUM **

Narine Aznavouryan, a native and citizen of Armenia, petitions for review of the Board of Immigration Appeals' ("BIA") order denying her motion to reconsider the BIA's order denying her motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review de novo constitutional claims, *Martinez–Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir.2005), and review for abuse of discretion the denial of a motion to reconsider, *Lara–Torres v. Ashcroft*, 383 F.3d 968, 972 (9th Cir.2004), *amended by* 404 F.3d 1105 (9th Cir.2005). We deny the petition for review.

The BIA did not abuse its discretion when it denied reconsideration because petitioner did not show any error of fact or law. *See* 8 C.F.R. § 1003.2(b)(1). Aznavouryan's most recent motion to reopen, filed on March 24, 2004, was number-barred and no exceptions applied. *See* 8 C.F.R. § 1003.2(c)(2), (3). By filing successive motions to reopen petitioner protracted immigration proceedings for nine years. It was to proscribe this type of conduct that Congress instructed the agency to issue regulations limiting the number of motions to reopen and reconsider. *See Stone v. INS*, 514 U.S. 386, 400, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995) ("a principal purpose of the [statute] was to expedite petitions for review and to redress the related problem of successive and frivolous administrative appeals and motions."); *see also INS v. Doherty*, 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992).

Aznavouryan's remaining contentions, including those alleging that the limits on filing motions to reopen violate due process, are without merit.

### PETITION FOR REVIEW DENIED