**Doroteo Gameros OROZCO, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–73995.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Decided July 31, 2006.

Bruce C. Wong, Esq., Duxford Law Group, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Stacy S. Paddack, Kurt B. Larson, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM **

Doroteo Gameros Orozco, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for cancellation of removal. We dismiss the petition for review for lack of jurisdiction.

We lack jurisdiction to review the IJ's discretionary determination that Orozco failed to show exceptional and extremely unusual hardship. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005). Orozco's contention that the IJ deprived him of due process and equal protection by misapplying the law to the facts of his case does not state a colorable constitutional claim. *See id.; see Torres–Aguilar v. INS,* 246 F.3d 1267, 1271 (9th Cir.2001) ("a petitioner may not create the jurisdiction that Congress chose to remove simply by cloaking an abuse of discretion argument in constitutional garb.... [T]he claim must have some possible validity.") (Internal quotation omitted).

**PETITION FOR REVIEW DISMISSED.**

**Jose Honorio Rodriguez GARCIA; et al., Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–73693.

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

Submitted July 24, 2006.*

Decided July 31, 2006.

Jose Honorio Rodriguez Garcia, Huntington Beach, CA, pro se.

Elvira Mendez Gonzalez, Huntington Beach, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Lisa M. Arnold, Attorney, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

## MEMORANDUM **

Jose Honorio Rodriguez Garcia and Elvira Mendez Gonzales, husband and wife and natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' ("BIA") order affirming without opinion an immigration judge's decision denying their applications for cancellation of removal. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review de novo claims of constitutional violations in immigration proceedings, *Ram v. INS,* 243 F.3d 510, 516 (9th Cir.2001), and we dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's discretionary determination that petitioners failed to show exceptional and extremely unusual hardship. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 929 (9th Cir.2005).

Petitioners' due process claim is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 848–53 (9th Cir.2003) (holding that the Board's streamlining procedure comports with due process).

Petitioners' equal protection challenge to the Nicaraguan Adjustment and Central American Relief Act ("NACARA") is foreclosed by our decision in *Jimenez–Angeles*

---

courts of this circuit except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*v. Ashcroft,* 291 F.3d 594, 602–03 (9th Cir. 2002) ("Congress's decision to afford more favorable treatment to certain aliens 'stems from a rational diplomatic decision to encourage such aliens to remain in the United States' "). Petitioners' due process challenge to NACARA also fails. *See Hernandez–Mezquita v. Ashcroft,* 293 F.3d 1161, 1165 (9th Cir.2002) (rejecting a due process challenge because petitioner failed to demonstrate that he was deprived of a qualifying liberty interest).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.