Patricia Mendez MEJIA; Braulio
Sosa Aramburo, Petitioners,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 04–75694.

United States Court of Appeals,
Ninth Circuit.

Submitted July 24, 2006.*

Filed Aug. 1, 2006.

Francisco J. Barba, Esq., San Jose, CA, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Kurt B. Larson, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, HAWKINS and THOMAS, Circuit Judges.

MEMORANDUM **

Patricia Mendez Mejia and her husband Braulio Sosa Aramburo, natives and citizens of Mexico, petition for review of an order of the Board of Immigration Appeals affirming without opinion an immigration judge's order denying her application for cancellation of removal. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review de novo claims of constitutional violations in immigration proceedings. *See Ram v. INS,* 243 F.3d 510, 516 (9th Cir.2001). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's discretionary determination that the petitioners failed to show exceptional and extremely unusual hardship. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 929 (9th Cir.2005).

The petitioners' equal protection challenge to the Nicaraguan Adjustment and Central American Relief Act ("NACARA") is foreclosed by our decision in *Jimenez–Angeles v. Ashcroft,* 291 F.3d 594, 602–03 (9th Cir.2002) ("Congress's decision to afford more favorable treatment to certain aliens 'stems from a rational diplomatic

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

decision to encourage such aliens to remain in the United States' ").

The petitioners' due process challenge to the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 is unavailing. *See Ram,* 243 F.3d at 517 (holding that Congress was entitled to change standards for relief and application of the new standards does not violate due process).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.