Celia **RODRIGUEZ**,* Petitioner,

v.

Alberto R. **GONZALES**, Attorney General, Respondent.

Nos. 04–76521, 05–74777.

United States Court of Appeals, Ninth Circuit.

Submitted March 12, 2007 **.

Filed March 19, 2007.

Ashwani K. Bhakhri, Esq., Law Offices of Ashwani K. Bhakhri, Burlingame, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, William C. Erb, Jr., Esq., Anthony W. Norwood, Esq., Stacy S. Paddack, Kurt B. Larson, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* The petitions for review of Rodriguez's husband, Juan Manuel Rodriguez–Rodriguez, were granted on August 11, 2006.

Before: KOZINSKI, LEAVY, and BYBEE, Circuit Judges.

### MEMORANDUM ***

Celia Rodriguez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' summary affirmance of an immigration judge's decision denying her application for cancellation of removal for failure to establish that her United States citizen children would suffer exceptional and extremely unusual hardship upon her removal, as required by 8 U.S.C. § 1229b(b)(1). She also petitions for review of the Board's denial of her motion to reopen.

In her opening brief, Rodriguez contends that she met the hardship requirement. 8 U.S.C. § 1252(a)(2)(B)(i) deprives us of jurisdiction to review the discretionary hardship determination. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 929–30 (9th Cir.2005).

In her supplemental opening brief, Rodriguez contends that the immigration judge violated her right to due process because he incorrectly interpreted the hardship standard and disregarded the evidence, leading to an unconscionable result. We have jurisdiction to consider colorable due process claims. *See id.* at 930. A difference of opinion as to the weight a piece of evidence should be given is not, however, a colorable due process claim, and we do not have jurisdiction to review the immigration judge's denial of Rodriguez's application for cancellation of removal. *See id.* We therefore dismiss the petition for review in part.

Rodriguez also contends that the Board erred in reducing her voluntary departure period from 60 days to 30 days when it was issuing a "streamlined" decision pursuant to 8 C.F.R. § 1003.1(e)(4). This contention has merit. *See Padilla–Padilla v. Gonzales,* 463 F.3d 972, 981 (9th Cir.2006). We therefore grant the petition for review in part and remand for reinstatement of the 60–day voluntary departure period.

Finally, Rodriguez contends that the Board erred in denying her motion to reopen as untimely under 8 C.F.R. § 1003.2(c)(2) without exercising or even considering exercising its authority to sua sponte reopen the case in light of her new evidence of one child's academic progress and her own medical condition. We lack jurisdiction to review the Board's decision not to invoke its sua sponte authority to reopen proceedings under 8 C.F.R. § 1003.2(a). *See Ekimian v. INS,* 303 F.3d 1153, 1159 (9th Cir.2002). We therefore dismiss the petition for review of the Board's decision denying the motion to reopen.

**PETITION FOR REVIEW of the Board of Immigration Appeals' decision of November 19, 2004, DISMISSED IN PART; GRANTED IN PART; REMANDED.**

**PETITION FOR REVIEW of the Board of Immigration Appeals' decision of July 20, 2005, DISMISSED.**

***

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.