**Thair JABRO–BLASQUEZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–70437.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007.*

Filed April 27, 2007.

James Robert Patterson, Esq., Law Office of Lilia S. Velasquez, San Diego, CA, for Petitioner.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

CAS–District Counsel, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Cindy S. Ferrier, Esq., Michelle G. Latour, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: O'SCANNLAIN, GRABER, and CLIFTON, Circuit Judges.

MEMORANDUM **

Thair Jabro–Blasquez seeks review of an order of the Board of Immigration Appeals ("BIA") upholding an immigration judge's ("IJ") order denying his application for cancellation of removal. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We dismiss in part, grant in part, and remand the petition for review.

We lack jurisdiction to review the agency's determination that Jabro–Blasquez did not warrant cancellation of removal as a matter of discretion. *See* 8 U.S.C. § 1252(a)(2)(B)(i) (the court lacks jurisdiction to review any judgment regarding the discretionary denial of relief under 8 U.S.C. § 1229b); *see also Hosseini v. Gonzales,* 471 F.3d 953, 956–57 (9th Cir.2006) (explaining "the REAL ID Act does not restore [ ] jurisdiction [where the petitioner] does not argue that the BIA's discretionary denial was unconstitutional or un-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

lawful."). Further, Jabro–Blasquez does not raise a colorable due process claim, *see Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005) ("[T]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction.")

The IJ granted voluntary departure for a 60–day period and the BIA streamlined and changed the voluntary departure period to 30 days. In *Padilla–Padilla v. Gonzales,* 463 F.3d 972, 981 (9th Cir.2006), we held "that because the BIA issued a streamlined order, it was required to affirm the entirety of the IJ's decision, including the length of the voluntary departure period." We therefore remand to the BIA to reinstate the 60–day voluntary departure period.

**PETITION FOR REVIEW DISMISSED** in part; **GRANTED** in part; **REMANDED.**