**Juana AMARO–ALVAREZ, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–75250.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2008.*

Filed Sept. 19, 2008.

Martin Avila Robles, Immigration Practice Group, A Professional Corporation, San Francisco, CA, for Petitioner.

David V. Bernal, Esquire, Jeffery R. Leist, Esquire, Liza Murcia, Oil, Anthony Cardozo Payne, Senior Litigation Counsel, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: TASHIMA, SILVERMAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Juana Amaro–Alvarez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immi-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

gration judge's ("IJ") decision denying her application for cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo claims of constitutional violations in immigration proceedings, *Ram v. INS*, 243 F.3d 510, 516 (9th Cir.2001), and we dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the BIA's discretionary determination that Amaro–Alvarez failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Martinez–Rosas v. Gonzales*, 424 F.3d 926, 929–30 (9th Cir.2005).

Amaro–Alvarez's contention that the IJ violated her due process rights by disregarding her evidence of hardship does not amount to a colorable constitutional claim. *See Martinez–Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir.2005) ("[T]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction.").

We are not persuaded that Amaro–Alvarez's removal results in the deprivation of the rights of her qualifying relatives. *See Urbano de Malaluan v. INS*, 577 F.2d 589, 594 (9th Cir.1978).

Amaro–Alvarez's contention that the BIA improperly engaged in fact finding is unavailing.

Amaro–Alvarez's remaining contentions are unpersuasive.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.