Rigoberto **ROSALES–MARTINEZ**, aka Rigoberto Rosales; Pato Alejandro Martinez, Petitioner,

v.

Michael B. **MUKASEY**, Attorney General, Respondent.

No. 06–72608.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 9, 2007.

Filed Sept. 22, 2008.

J. Hernando Prado, Esquire, Law Offices of J. Hernando Prado, Oakland, CA, for Petitioner.

Andrew C. MacLachlan, Liza Murcia, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

* The Honorable Robert J. Timlin, United States District Judge for the Central District of California, sitting by designation.

Before: SILVERMAN and W. FLETCHER, Circuit Judges, and TIMLIN,* District Judge.

MEMORANDUM **

Rigoberto Rosales–Martinez ("Rosales–Martinez") petitions this court for review of the decision of the Board of Immigration Appeals ("BIA") affirming the finding of the Immigration Judge ("IJ") that he is removable as an alien who entered the United States without admission or parole. Specifically, Rosales–Martinez contends that the BIA and IJ erred in finding him ineligible for adjustment of status by placing on him the burden of proving that he did not previously misrepresent his citizenship and, in addressing his argument for cancellation of removal, failed to consider adequately the hardship his removal would impose on his U.S. citizen spouse.

Under 8 U.S.C. § 1229a(c)(4)(A) and 8 C.F.R. § 1240.8, Rosales–Martinez has the burden of proving that he did not misrepresent his citizenship and thereby render himself inadmissible. *See also Blanco v. Mukasey,* 518 F.3d 714, 720 (9th Cir.2008) (alien challenging ineligibility for relief from removal because he misrepresented his citizenship "has the burden of establishing that he is clearly and beyond doubt entitled to be admitted and is not inadmissible") (internal quotation marks and citation omitted).

We lack jurisdiction to review the BIA's conclusion that Rosales–Martinez's remov-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

al did not cause sufficient hardship to his U.S. citizen spouse to warrant cancellation of removal. *See* INA § 242(a)(2)(B), 8 U.S.C. § 1252(a)(2)(B); *Martinez–Rosas v. Gonzales*, 424 F.3d 926, 929–30 (9th Cir. 2005).

PETITION DENIED.

* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.