**Francisco Enrique Sanchez NOPAL, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–74168.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2008.*

Filed Sept. 24, 2008.

Deborah Karapetian, Law Offices of Deborah L. Karapetian, Glendale, CA, for Petitioner.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, Kristin K. Edison, Esq., Brianne Whelan, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

**MEMORANDUM** **

Francisco Enrique Sanchez Nopal, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order: 1) dismissing his appeal from an immigration judge's decision to deny his application for cancellation of removal and 2) denying his motion to remand based on ineffective assistance of counsel. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo claims of due process violations in removal proceedings, including claims of ineffective assistance of counsel. *Mohammed v. Gonzales,* 400 F.3d 785, 791–92 (9th Cir.2005). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's discretionary determination that petitioner failed to show exceptional and extremely unusual hardship to his qualifying relatives. *See* 8 U.S.C. § 1252(a)(2)(B)(i);

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005).

We agree with the BIA's conclusion that the performance of petitioner's former attorney did not result in prejudice, and thus his claim of ineffective assistance of counsel fails. *See Iturribarria v. INS,* 321 F.3d 889, 899–900 (9th Cir.2003) (to prevail on an ineffective assistance of counsel claim, a petitioner must demonstrate that counsel's conduct was so inadequate that it may have affected the outcome of the proceedings).

Petitioner's remaining contentions lack merit.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.