MEMORANDUM **
Jose Francisco Ciprés, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals’ (“BIA”) or *579 der summarily affirming an immigration judge’s (“IJ”) decision denying his application for cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo claims of constitutional violations in immigration proceedings, Iturribarria v. INS, 321 F.3d 889, 894 (9th Cir.2003), and we dismiss in part and deny in part the petition for review.
We lack jurisdiction to review the agency’s discretionary determination that Ciprés failed to show exceptional and extremely unusual hardship to a qualifying relative. See Martinez-Rosas v. Gonzales, 424 F.3d 926, 930 (9th Cir.2005).
Contrary to Ciprés’ contention, the IJ’s application of the hardship standard falls within the broad range authorized by statute. See Ramirez-Perez v. Ashcroft, 336 F.3d 1001, 1004 (9th Cir.2003). Ciprés’ claim that the IJ violated due process by failing to consider all his hardship evidence is unsupported by the record and therefore not colorable. See Martinez-Rosas, 424 F.3d at 930.
Ciprés’ contention that the BIA violated due process by streamlining his case is foreclosed by Falcon-Carriche v. Ashcroft, 350 F.3d 845, 848 (9th Cir.2003).
PETITION FOR REVIEW DISMISSED in part; DENIED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.