Javier Delgadillo GARCIA, Petitioner,

v.

Eric H. HOLDER Jr., Attorney General, Respondent.

No. 07–70418.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 2, 2009.

Filed July 1, 2009.

Vincent Ochoa, Ochoa Law Office, Las Vegas, NV, for Petitioner.

Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, NVL–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Las Vegas, NV, Holly Smith, Esquire, Ann M. Welhaf, U.S. Department of Justice, Civil Division/Office of Immigration

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Litigation, Washington, DC, for Respondent.

Before: W. FLETCHER, CLIFTON, and M. SMITH, Circuit Judges.

## MEMORANDUM *

Javier Delgadillo Garcia ("Delgadillo") petitions for review from decisions of the Board of Immigration Appeals ("BIA") that denied Delgadillo a waiver of inadmissibility under former section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c), and dismissed his appeal from an Immigration Judge's ("IJ") order of removal. We lack jurisdiction over Delgadillo's petition for review of these decisions. Accordingly, we dismiss the petition.

We do not have jurisdiction to review an IJ's discretionary decision whether to grant relief under former section 212(c). *Vargas–Hernandez v. Gonzales,* 497 F.3d 919, 923 (9th Cir.2007) (citing 8 U.S.C. § 1252(a)(2)(B)(ii)). While the REAL ID Act of 2005 restored judicial review of "constitutional claims or questions of law" presented in a petition for review from such decisions, *see* 8 U.S.C. § 1252(a)(2)(D), any challenge on these grounds must present a "colorable" constitutional claim or question of law. *Vargas–Hernandez,* 497 F.3d at 921.

Delgadillo makes four arguments related to the BIA's denial of his application for a section 212(c) waiver, but none present a colorable constitutional claim or question of law. Contrary to their labels, Delgadillo's "due process" arguments and

his other allegations collapse simply into an unreviewable claim that the BIA abused its discretion in balancing the equities under former section 212(c). *See Torres–Aguilar v. INS,* 246 F.3d 1267, 1271 (9th Cir.2001) ("To determine whether we have jurisdiction over claims labeled as due process violations, we must look beyond the label."). In particular, we note that Delgadillo's claim that the BIA improperly consulted the pre-conviction probation officer's report is not a colorable question of law. Although the BIA reviewed the report for evidence related to Delgadillo's conviction, it did so not to determine his guilt, which the BIA assumed on the basis of the conviction, but rather to consider whether Delgadillo might deserve credit for rehabilitation if he likely was, in fact, innocent of the offenses. In other words, the BIA used the report solely to search for positive equities that might support Delgadillo's application, an undertaking within the BIA's broad discretion when considering relief under section 212(c).

Delgadillo also contends that the BIA and the IJ erred by limiting the scope of the BIA's remand to the IJ to entering a formal order of removal. These actions, Delgadillo claims, denied him the opportunity to present new evidence pertaining to the BIA's decision on his section 212(c) waiver application. To the extent that Delgadillo alleges here a violation of due process, he has failed to raise a colorable constitutional claim. Delgadillo already enjoyed "a full and fair hearing of his claims and a reasonable opportunity to present evidence" in support of his waiver application at the August 2002 hearing before the IJ. *Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000). Similarly, jurisdic-

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tion is not conferred on this court by Delgadillo's contention that the BIA and the IJ failed to follow BIA precedent requiring the IJ to consider, on remand, all matters that he deems appropriate. "Such an assertion is nothing more than an argument that the IJ abused his discretion, a matter over which we have no jurisdiction." *Martinez–Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir.2005).

Because Delgadillo has failed to raise a colorable constitutional claim or question of law, we must dismiss this petition for review for lack of jurisdiction. *Vargas–Hernandez*, 497 F.3d at 921.

**PETITION DISMISSED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.