**Ulises Francisco MARTINEZ SILVA; et al., Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 06–70963.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 5, 2009.

Filed July 17, 2009.

Ashley B. Vinson, Amit Kurlekar, Esquire, Akin Gump Strauss Hauer & Feld LLP., San Francisco, CA, for Petitioner.

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Susan Houser, Lyle Davis Jentzer, Esquire, Carl Henry Mcintyre, Jr., Assistant Director, OIL, Katharine Clark, Esquire, Trial, DOJ–U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: W. FLETCHER, CLIFTON, and M. SMITH, Circuit Judges.

MEMORANDUM *

Ulises Francisco Martinez Silva and his wife, Saturnina Martinez, natives and citizens of Mexico (Petitioners), petition for review of the Board of Immigration Appeals' (BIA) dismissal of their appeal of an Immigration Judge's (IJ) decision denying their request for cancellation of removal for failure to establish exceptional and extremely unusual hardship to their two United States citizen children and Ulises' United States citizen father and lawful permanent resident mother. We lack jurisdiction pursuant to 8 U.S.C. § 1252(a)(2)(B)(i), and we dismiss the petition.

Aside from adding an exception for "constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals," the amendment of 8 U.S.C. § 1252(a)(2) by the REAL ID Act of 2005, Pub.L. No. 109–13, div. B, § 106, 119 Stat. 231, 310–11, left intact the bar to judicial review of a discretionary determination by the BIA that an alien has failed to satisfy the "exceptional and extremely unusual hardship" requirement for purposes of cancellation of removal. *Mendez–Castro v. Mukasey,* 552 F.3d 975, 978 (9th Cir.2009). For us to "retain jurisdiction to review [a constitutional] challenge[ ], a petitioner must allege at least a *colorable* constitutional violation"—i.e., "the alleged violation need not be substantial, but the claim must have some possible validity." *Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir. 2005) (emphasis added) (citation and internal quotation marks omitted).

Neither of Petitioners' asserted constitutional violations is colorable. First, Petitioners fail to present a colorable due process claim insofar as they challenge the manner in which the IJ weighed the evidence regarding their children's Spanish skills and the opportunities for carpentry work in Mexico. We have held that "traditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction." *Id.* Second, Petitioners' claim that, as applied to the facts of this case, 8 U.S.C. § 1252(a)(2)(B)(i) violates the separation of powers doctrine and the Due Process Clause of the Fifth Amendment by precluding judicial review of an administrative agency determination that implicates their "fundamental right to family unity," is foreclosed by our recent decision in *De Mercado v. Mukasey,* which rejected the same argument on the same facts. *See* 566 F.3d 810, 816 (9th Cir.2009).

**PETITION DISMISSED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.