FILED

NOT FOR PUBLICATION

JUL 09 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ISAURO FRANCISCO RAMIREZ-BRAVO, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 08-70092 <br><br> Agency No. A070-677-376 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 29, 2010[**]

Before:    ALARCÓN, LEAVY, and GRABER, Circuit Judges.

Isauro Francisco Ramirez-Bravo, a native and citizen of Guatemala,

petitions for review of the Board of Immigration Appeals' order dismissing his

appeal from an immigration judge's decision denying his applications for

cancellation of removal, asylum and withholding of removal, as well as denying

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

his request for a continuance. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a request for a continuance, *Nakamoto v. Ashcroft*, 363 F.3d 874, 883 n.6 (9th Cir. 2004), and we review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's conclusion that Ramirez-Bravo failed to demonstrate eligibility for asylum, where he testified to suffering no harm in the past and he admitted to having no fear of returning to Guatemala. *See Ratnam v. INS*, 154 F.3d 990, 994 (9th Cir. 1998) ("Either past persecution or a well-founded fear of future persecution provides eligibility for a discretionary grant of asylum."). Because Ramirez-Bravo failed to satisfy the lower standard of proof for asylum, he necessarily failed to demonstrate eligibility for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

The agency did not abuse its discretion by denying Ramirez-Bravo's request for a continuance, where the need for a continuance was based largely on his own unreasonable conduct. *See Baires v. INS*, 856 F.2d 89, 92-93 (9th Cir. 1988).

We lack jurisdiction to review the agency's denial of cancellation of removal on hardship grounds. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part**.