**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| SILVIA CHAVEZ DE VELASQUEZ; et al.,<br><br>            Petitioners,<br><br>  v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>            Respondent. | No. 08-73113<br><br>Agency Nos. A076-858-489<br>A075-301-252<br>A072-403-514<br>A072-403-515<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 20, 2011[**]

Before:     RYMER, THOMAS, and PAEZ, Circuit Judges.

Silvia Chavez De Velasquez, Gregorio Velasquez-Garcia and their two

children, natives and citizens of Mexico, petition for review of the Board of

Immigration Appeals' ("BIA") order dismissing their appeal from an immigration

judge's ("IJ") order denying their application for cancellation of removal. Our

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252.  We review de novo claims of due process violations in immigration proceedings.  *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000).  We deny in part and dismiss in part the petition for review.

Petitioners' contention that the IJ violated due process by taking additional testimony regarding hardship following the BIA's June 19, 2008, remand order is not persuasive because the first IJ did not adjudicate any aspect of the petitioners' cancellation of removal claim beyond the question of moral character, and the remand did not limit the second IJ in what he could consider on remand.  *See Fernandes v. Holder*, 619 F.3d 1069, 1074 (9th Cir. 2010) ("[T]he IJ's jurisdiction on remand from the BIA is limited only when the BIA expressly retains jurisdiction and qualifies or limits the scope of the remand to a specific purpose.").

We lack jurisdiction to review the BIA's discretionary determination that petitioners failed to show exceptional and extremely unusual hardship to a qualifying relative.  *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part**.

08-73113