**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE OMAR AYALA, | No. 11-72336 |
| Petitioner, | Agency No. A094-306-704 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 22, 2015[**]

Before:    GOODWIN, BYBEE, and CHRISTEN, Circuit Judges.

Jose Omar Ayala, a native and citizen of El Salvador, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his applications for cancellation of

removal, withholding of removal, and protection under the Convention Against

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT").  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings.  *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006).  We dismiss in part, deny in part, and grant in part the petition for review, and we remand.

We lack jurisdiction to review the agency's discretionary determination that Ayala failed to show the requisite exceptional and extremely unusual hardship to his qualifying relatives for cancellation of removal.  *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005).  Ayala's contention that the agency failed to weigh relevant hardship factors is not supported by the record and is not a colorable question of law that would restore our jurisdiction.  *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 978 (9th Cir. 2009) ("To be colorable in this context, ... the claim must have some possible validity." (citation and internal quotation marks omitted)).

Substantial evidence supports the agency's denial of CAT relief because Ayala failed to establish that it is more likely than not he will be tortured at the instigation of or with the acquiescence of the government if returned to El Salvador.  *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

In denying Ayala's withholding of removal claim, the agency found Ayala failed to establish past persecution or a fear of future persecution on account of a

protected ground. When the IJ and BIA issued their decisions in this case, they did not have the benefit of this court's decisions in *Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc), *Cordoba v. Holder*, 726 F.3d 1106 (9th Cir. 2013), and *Pirir-Boc v. Holder*, 750 F.3d 1077 (9th Cir. 2014), or the BIA's decisions in *Matter of M-E-V-G-*, 26 I. & N. Dec. 227 (BIA 2014), and *Matter of W-G-R-*, 26 I. & N. Dec. 208 (BIA 2014). Thus, we remand Ayala's withholding of removal claim to determine the impact, if any, of these decisions. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam). In light of this remand, we do not reach Ayala's remaining challenges to the agency's denial of his withholding of removal claim at this time.

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part; GRANTED in part; REMANDED.**