NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 23 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NOEL NAVA-MENDOZA, AKA Noel Mendoza Nava, AKA Noel Nava, | No.    15-70916 |
| Petitioner, | Agency No. A205-722-185 |
| v. | MEMORANDUM* |
| LORETTA E. LYNCH, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 16, 2016**

Before:    O'SCANNLAIN, LEAVY, and CLIFTON, Circuit Judges.

Noel Nava-Mendoza, a native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's final order of removal.  Our jurisdiction is governed by 8

U.S.C. § 1252.  We dismiss in part and deny in part the petition for review.

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

We lack jurisdiction to review the agency's discretionary determination that Nava-Mendoza failed to show exceptional and extremely unusual hardship to a qualifying relative, and is therefore ineligible for cancellation of removal. *See Martinez-Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir. 2005).

To the extent that Nava-Mendoza challenges the consideration of his criminal history in the agency's determination, this history did not factor into the dispositive hardship determination, and therefore we need not address it. *See Simeonov v. Ashcroft,* 371 F.3d 532, 538 (9th Cir. 2004).

Nava-Mendoza failed to address his claims for asylum, withholding of removal, and relief under the Convention Against Torture in his opening brief, and declined to file a supplemental brief addressing these claims when given the opportunity to do so by this court. *See* Docket Entry No. 11. As such, he has waived any challenge to the agency's determination that he failed to establish eligibility for these forms of relief. *See Rizk v. Holder,* 629 F.3d 1083, 1091 n.3 (9th Cir. 2011) (issues not raised in the opening brief are waived).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**