**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ALEJANDRO MENDEZ-MADERO, | No.    15-71135 |
| Petitioner, | Agency No. A040-004-125 |
| v. |  |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. |  |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 14, 2016[**]

Before:      WALLACE, LEAVY, and FISHER, Circuit Judges.

Alejandro Mendez-Madero, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order sustaining the

Department of Homeland Security's appeal from an immigration judge's decision

granting cancellation of removal.  Our jurisdiction is governed by 8 U.S.C.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1252.  We review de novo constitutional claims and questions of law.

*Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005).  We deny in part

and dismiss in part the petition for review.

Because Mendez-Madero was found removable under 8 U.S.C.

§ 1227(a)(2)(B)(i) based on his conviction for an offense relating to a controlled

substance, our jurisdiction is limited to colorable constitutional claims or questions

of law.  *See* 8 U.S.C. § 1252(a)(2)(C)-(D); *Cheuk Fung S-Yong v. Holder*, 600 F.3d

1028, 1033 (9th Cir. 2010) (8 U.S.C. § 1252(a)(2)(C) restricts review of final

orders of removal based on certain enumerated crimes, including controlled

substance offenses, but the court retains jurisdiction where the petition raises

constitutional claims or questions of law).

Mendez-Madero has not established a due process violation, where the BIA

did not err in declining to consider new evidence Mendez-Madero submitted with

his brief on appeal.  *See* 8 C.F.R. § 1003.1(d)(3)(iv) ("[T]he Board will not engage

in factfinding in the course of deciding appeals."); *Lata v. INS*, 204 F.3d 1241,

1246 (9th Cir. 2000) (to prevail on a due process challenge, an alien must show

error and prejudice); *cf. Rodriguez v. Holder*, 683 F.3d 1164, 1170 (9th Cir. 2012)

("Where the BIA fails to follow its own regulations and makes factual findings, it

commits an error of law . . . ." (quotation marks and citation omitted)).

Mendez-Madero's contention that the BIA failed to address rehabilitation as a factor in its decision is not supported by the record.

Mendez-Madero does not raise any other colorable claim that would invoke our jurisdiction. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005) ("traditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**