**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN MARK MANGTHAG,<br><br>        Petitioner,<br><br>  v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>        Respondent. | No.   16-71849<br><br>Agency No. A205-970-918<br><br>MEMORANDUM * |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2017**

Before:    LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

John Mark Mangthag, a native and citizen of the Federated States of

Micronesia, petitions pro se for review of the Board of Immigration Appeals'

("BIA") order dismissing his appeal from an immigration judge's ("IJ") order of

removal.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review de novo

---

        *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

        **    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

claims of due process violations, *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014), and for abuse of discretion the denial of a motion to remand, *Malhi v. INS*, 336 F.3d 989, 993 (9th Cir. 2003).  We dismiss in part and deny in part the petition for review.

We do not consider Mangthag's contentions from his opening brief that he did not raise to the BIA, including his challenges to his underlying state court criminal proceedings.  *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (petitioner must exhaust claims in administrative proceedings below).

We reject Mangthag's contentions that the agency violated his due process rights.  *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process claim).  We otherwise lack jurisdiction to review the agency's discretionary denial of Mangthag's request for voluntary departure.  *See* 8 U.S.C. § 1229c(f); *Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 (9th Cir. 2013) (the court's jurisdiction over challenges to the denial of voluntary departure is limited to constitutional claims or questions of law).

Finally, the BIA did not abuse its discretion by declining to remand Mangthag's case where he did not express a fear of return to the IJ, and did not submit any new facts or an asylum application on appeal to the BIA.  *See Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (the court "defer[s] to the BIA's exercise of discretion unless it acted arbitrarily, irrationally, or contrary to

2                                                                    16-71849

law”).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**