**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 2 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALVIN M. NAVARRO, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | Nos. 15-70667 <br> 15-71796 <br><br> Agency No. A206-408-295 <br><br> MEMORANDUM[*] |

On Petitions for Review of Orders of the
Board of Immigration Appeals

Submitted September 26, 2017[**]

Before: SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

In these consolidated petitions for review, Alvin M. Navarro, a native and

citizen of Guatemala, petitions for review of the Board of Immigration Appeals'

("BIA") orders dismissing his appeal from an immigration judge's decision

denying his application for cancellation of removal, and denying his motion to

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). In No. 15-70667, we deny in part and dismiss in part the petition for review, and in No. 15-71796, we deny the petition for review.

Navarro's contention that the BIA did not use the proper standard in making its hardship determination is not supported, where the record shows the BIA conducted a future-oriented analysis. *See Figueroa v. Mukasey*, 543 F.3d 487, 497-98 (9th Cir. 2008) (agency must conduct a "future-oriented analysis" in determining whether "removal *would result* in an exceptional and extremely unusual hardship" to qualifying relatives) (emphasis in original).

We lack jurisdiction to review the agency's discretionary determination that Navarro failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005).

Navarro has waived any challenge to the BIA's denial of his motion to reopen. *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011) (issues not raised in an opening brief are waived).

**IN No. 15-70667; PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

**IN No. 15-71796; PETITION FOR REVIEW DENIED.**

2