NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SENIK EPREMIAN, | No. 16-73205 |
| Petitioner, | Agency No. A089-503-605 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2018**

Before: RAWLINSON, CLIFTON, and NGUYEN, Circuit Judges.

Senik Epremian, a native of Armenia and citizen of Slovakia, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application under 8 U.S.C. § 1186a(c)(4)(B) for waiver of the joint filing requirement to remove the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

conditional basis of his lawful permanent resident status. We dismiss the petition for review.

We lack jurisdiction to review the agency's discretionary denial of Epremian's application for a waiver under 8 U.S.C. § 1186a(c)(4)(B), where he does not raise a colorable constitutional claim or question of law that would invoke our jurisdiction. *See* 8 U.S.C. §§ 1186a(c)(4), 1252(a)(2)(B)(ii); *Singh v. Holder*, 591 F.3d 1190, 1194 (9th Cir. 2010); *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005). Epremian's contentions that the agency erred in weighing factors and failed to sufficiently explain its reasoning are not supported by the record and thus do not amount to colorable claims. *See Martinez-Rosas*, 424 F.3d at 930 ("To be colorable in this context, . . . the claim must have some possible validity." (citation and international quotation marks omitted)). To the extent the agency relied on its adverse credibility determination and the determination is subject to review, it is supported by substantial evidence. *See Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010) (adverse credibility determination supported under the totality of circumstances).

In light of this disposition, we do not reach Epremian's remaining contentions regarding whether he established that he entered into his marriage in good faith. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they

16-73205

reach).

**PETITION FOR REVIEW DISMISSED.**