### Reyes Basulto FLORES, Petitioner,

v.

### Michael B. MUKASEY, Attorney General, Respondent.

### No. 06–74967.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 28, 2008.[*]

Filed Nov. 3, 2008.

D. Jade Mundel, Marks & Acalin, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Manuel A. Palau, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Jeffrey L. Menkin, U.S. Department of Justice, Civil Division, Washington, D.C., for Respondent.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: HAWKINS, RAWLINSON and M. SMITH, Circuit Judges.

MEMORANDUM **

Reyes Basulto Flores, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo claims of constitutional violations in immigration proceedings. *Ram v. INS,* 243 F.3d 510, 516 (9th Cir.2001). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's discretionary determination that Flores failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005).

Flores contends that the IJ violated due process by making inappropriate comments throughout the hearing and in the IJ's decision. We agree with the BIA that the proceedings comported with due process. *See Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).