**Pablo Rodriguez DELOYA; Irma Rodriguez, Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 05–76817.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 2008.*

Filed Dec. 26, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Carlos A. Cruz, Law Offices of Carlos A. Cruz, Alhambra, CA, for Petitioners.

Corey L. Farrell, Terri Jane Scadron, Hillel Smith, Anthony W. Norwood, Senior Litigation Counsel, U.S. Department of Justice, Washington, DC, CAC–District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: GOODWIN, TROTT, and RYMER, Circuit Judges.

## MEMORANDUM **

Pablo Rodriguez DeLoya and Irma Rodriguez, husband and wife and natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' order dismissing their appeal from an immigration judge's ("IJ") decision denying their applications for cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law, *Vasquez–Zavala v. Ashcroft*, 324 F.3d 1105, 1107 (9th Cir.2003), and we deny in part and dismiss in part the petition for review.

We do not consider petitioners' contention regarding continuous physical presence because DeLoya's ineligibility for cancellation of removal based on his conviction for a firearms offense is dispositive. *See* 8 U.S.C. § 1229b(b)(1)(C) (aliens convicted of an offense under 8 U.S.C. § 1227(a)(2)(C) are ineligible for cancellation of removal). Moreover, the record does not support petitioners' assertion that

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the IJ denied relief on the basis of physical presence.

To the extent petitioners challenge the agency's denial of Irma Rodriguez's application for cancellation of removal, we lack jurisdiction to review the agency's dispositive determination that her removal would not result in exceptional and extremely unusual hardship to her qualifying relatives. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**