## Mario Antonio PADILLA CASTORENA; Leticia Tapia Gutierrez, Petitioners,

v.

## Michael B. MUKASEY, Attorney General, Respondent.

No. 07–74468.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 2008.*

Filed Dec. 29, 2008.

Mario Antonio Padilla Castorena, Lompoc, CA, pro se.

Leticia Tapia Gutierrez, Lompoc, CA, pro se.

OIL, Stacy S. Paddack, Esquire, Russell J.E. Verby, Esquire, DOJ–U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: GOODWIN, TROTT, and RYMER, Circuit Judges.

### MEMORANDUM **

Mario Antonio Padilla Castorena and Leticia Tapia Gutierrez, husband and wife and natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' order dismissing their appeal from an immigration judge's decision denying their applications for cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review questions of law de novo, *Kohli v. Gonzales,* 473 F.3d 1061, 1065 (9th Cir.2007), and we deny in part and dismiss in part the petition for review.

The agency correctly concluded that Padilla Castorena was statutorily ineligible for cancellation of removal because he was convicted of two crimes involving moral turpitude. *See* 8 U.S.C. § 1229b(b)(1)(C) (an alien is ineligible for cancellation of removal if convicted of an offense under 8 U.S.C. § 1182(a)(2)).

We lack jurisdiction over the agency's discretionary determination that Tapia Gutierrez failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.