Jose Francisco CIPRES, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney General, Respondent.

No. 06–73711.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 18, 2009.*

Filed March 2, 2009.

Donald Kenton Smith, Law Office of Donald Kenton Smith, Laguna Hills, CA, for Petitioner.

Kurt B. Larson, Esquire, OIL, Stacy Stiffel Paddack, DOJ–U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: BEEZER, FERNANDEZ, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Jose Francisco Cipres, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") or-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

der summarily affirming an immigration judge's ("IJ") decision denying his application for cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo claims of constitutional violations in immigration proceedings, *Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir.2003), and we dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's discretionary determination that Cipres failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005).

Contrary to Cipres' contention, the IJ's application of the hardship standard falls within the broad range authorized by statute. *See Ramirez–Perez v. Ashcroft,* 336 F.3d 1001, 1004 (9th Cir.2003). Cipres' claim that the IJ violated due process by failing to consider all his hardship evidence is unsupported by the record and therefore not colorable. *See Martinez–Rosas,* 424 F.3d at 930.

Cipres' contention that the BIA violated due process by streamlining his case is foreclosed by *Falcon–Carriche v. Ashcroft,* 350 F.3d 845, 848 (9th Cir.2003).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**