*970 MEMORANDUM **
Jose Manuel Ortiz, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals’ (“BIA”) order dismissing his appeal from an immigration judge’s (“IJ”) orders denying his cancellation application and his motion to terminate, and the former Legalization Appeals Unit’s (“LAU”) order dismissing his appeal from the denial of his Special Agricultural Worker application. Our jurisdiction is governed by 8 U.S.C. §§ 1160(e)(3) and 1252. We deny in part and dismiss in part the petition for review.
The LAU did not make findings that were “directly contrary to clear and convincing facts contained in the record considered as a whole” or abuse its discretion in concluding that Ortiz failed to establish the requisite period of qualifying employment. See id. § 1160(b)(3); Perez-Martin v. Ashcroft, 394 F.3d 752, 758-59 (9th Cir.2005). The government offered in rebuttal evidence which called into question Ortiz’ claim of employment, and the evidence Ortiz submitted in response was insufficient to negate the inference of the government’s showing. See Perez-Martin, 394 F.3d at 759.
Ortiz’ contentions regarding the denial of his motion to terminate proceedings are unpersuasive. See Kohli v. Gonzales, 473 F.3d 1061,1067-68 (9th Cir.2007).
Ortiz’ due process claim fails because Ortiz did not demonstrate prejudice. See Lata v. INS, 204 F.3d 1241, 1246 (9th Cir.2000) (requiring prejudice for a petitioner to prevail on a due process claim).
We lack jurisdiction to review the agency’s discretionary determination that Ortiz failed to show exceptional and extremely unusual hardship to a qualifying relative, see Martinez-Rosas v. Gonzales, 424 F.3d 926, 930 (9th Cir.2005), and Ortiz does not raise a colorable due process claim, id.
PETITION FOR REVIEW DENIED in part; DISMISSED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.