MEMORANDUM **
Oscar Saul Aguila Cueva and Ofelia Gal-lardo Ramirez, spouses and natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals’ (“BIA”) order dismissing their appeal from an immigration judge’s decision denying their applications for cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law and constitutional claims. Vasquez-Zavala v. Ashcroft, 324 F.3d 1105, 1107 (9th Cir.2003). We dismiss in part and deny in part the petition for review.
We lack jurisdiction to review the agency’s discretionary determination that Aguila Cueva failed to show the requisite hardship to a qualifying relative. See Martinez-Rosas v. Gonzales, 424 F.3d 926, 930 (9th Cir.2005).
The agency correctly concluded that Gallardo Ramirez was statutorily ineligible for cancellation of removal because she failed to demonstrate the requisite ten years of continuous physical presence. See 8 U.S.C. §§ 1229b(b)(1)(A), (d)(2).
Petitioners’ contention that the agency violated equal protection by not allowing Gallardo Ramirez to apply for suspension of deportation is unavailing. Gallardo Ramirez was served with a Notice to Appear in 2002, when suspension relief was no longer available. See Vasquez-Zavala, 324 F.3d at 1107-08 (initiation of removal proceedings rather than deportation proceedings does not violate due process); Jimenez-Angeles v. Ashcroft, 291 F.3d 594, 602-03 (9th Cir.2002) (rejecting equal protection claim and upholding congressional “line-drawing” decisions that are rationally related to a legitimate government purpose).
Petitioners’ contention that the BIA’s order dismissing their appeal violated the Administrative Procedure Act and their due process rights is also unavailing. See Falcon Carriche v. Ashcroft, 350 F.3d 845, 850-51 (9th Cir.2003) (streamlining procedure provided aliens with “all of the administrative appeals to which they were entitled by statute;” “it does not violate the Due Process Clause for one member of the BIA to decide an alien’s administrative appeal”).
We are not persuaded by Petitioners’ substantive due process claim. See e.g. Cabrera-Alvarez v. Gonzales, 423 F.3d 1006, 1012-13 (9th Cir.2005); Munoz v. Ashcroft, 339 F.3d 950, 954 (9th Cir.2003).
PETITION FOR REVIEW DISMISSED in part; DENIED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.