**Francisca Cuiltres MARQUEZ, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 08–72078.

United States Court of Appeals, Ninth Circuit.

Submitted June 16, 2009.*

Filed July 6, 2009.

John Martin Pope, Pope & Associates, PC, Phoenix, AZ, for Petitioner.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

District Counsel Phoenix, Esquire, Office of the District Director U.S. Department of Homeland Security, Phoenix, AZ, Richard M. Evans, Esquire, Assistant Director, OIL, DOJ–U.S. Department of Justice, Sharon Michele Clay, Esquire, Trial, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: PAEZ, TALLMAN, and N.R. SMITH, Circuit Judges.

### MEMORANDUM **

Francisca Cuiltres Marquez, a native and citizen of Mexico, petitions for review of the decision of the Board of Immigration Appeals denying her application for cancellation of removal based on her failure to establish exceptional and extremely unusual hardship to her qualifying relatives.

Petitioner contends that the BIA erred in overturning the immigration judge's findings concerning extreme hardship to petitioner's relatives. Petitioner also contends that the BIA violated petitioner's due process rights by failing to defer to the IJ, placing excessive burden of proof on petitioner to prove hardship to her United States citizen children, and exceeding the scope of its review by making alternate findings of fact.

We lack jurisdiction to review the BIA's discretionary determination that petitioner failed to demonstrate the requisite hardship to her qualifying relatives. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005). We have jurisdiction to consider constitutional claims, *see Ramirez–Perez v. Ashcroft,* 336 F.3d 1001, 1004 (9th Cir.2003), but petitioner has failed to raise a colorable constitutional claim. Contrary to petitioner's assertion, the BIA did not make alternate findings of fact, but rather properly reviewed *de novo* the IJ's hardship determination, 8 C.F.R. § 1003.1(d)(3)(ii). Petitioner's remaining due process arguments are merely an attempt to re-argue the merits of her hardship claim. *See e.g. Torres–Aguilar v. INS,* 246 F.3d 1267, 1271 (9th Cir.2001).

**PETITION FOR REVIEW DISMISSED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

