Martin ZEPEDA CAMPOS, Petitioner,

v.

Eric H. HOLDER Jr., Attorney General, Respondent.

No. 07–71050.

United States Court of Appeals, Ninth Circuit.

Submitted July 14, 2009.*

Filed July 27, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Martin Zepeda Campos, Long Beach, CA, pro se.

John C. Cunningham, Esquire, Joan H. Hogan, Esquire, Holly Smith, Esquire, Linda S. Wendtland, Esquire, U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SCHROEDER, THOMAS, and WARDLAW, Circuit Judges.

\*\* This disposition is not appropriate for publi-

MEMORANDUM \*\*

Martin Zepeda Campos, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for cancellation of removal under 8 U.S.C. § 1229b(b). We dismiss the petition for review.

■ We lack jurisdiction to review the BIA's discretionary determination that Zepeda Campos failed to show exceptional and extremely unusual hardship to his qualifying relatives. *See* 8 U.S.C. § 1252(a)(2)(B). Zepeda Campos's contention that the BIA violated his due process rights by disregarding his evidence of hardship does not amount to a colorable constitutional claim. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir. 2005) ("[T]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction.").

**PETITION FOR REVIEW DISMISSED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.