**Javaid LODHIE, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 06–73070.

United States Court of Appeals, Ninth Circuit.

Submitted July 8, 2009.*

Aug. 14, 2009.

Samuel W. Asbury, Esq., Gresham, OR, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, District Counsel, Office of the District Counsel Department of Homeland Security, Portland, OR, Patricia A. Smith, Esq., Thomas Fatouros, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, RYMER, and GRABER, Circuit Judges.

MEMORANDUM **

Petitioner Javaid Lodhie petitions for review from a final order of the Board of Immigration Appeals ("BIA") denying his request for cancellation of removal.

1. We lack jurisdiction over the petition for review pursuant to 8 U.S.C. § 1252(a)(2)(B)(i) because Petitioner challenges a discretionary decision—the denial of his application for cancellation of removal in the exercise of discretion. We lack jurisdiction to review a decision by the BIA denying an alien's application for cancellation of removal in the exercise of discretion. *Mendez–Castro v. Mukasey,* 552 F.3d 975, 978 (9th Cir.2009).

2. Petitioner has not set forth a colorable constitutional claim over which we could otherwise exercise jurisdiction. *See id.* (holding that "any challenge of an [immigration judge's] discretionary determination must present a colorable claim" in order for this court to exercise jurisdiction (citing *Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005))).

PETITION DISMISSED.

PREGERSON, J., dissenting:

Immigration Judge ("IJ") Michael H. Bennett denied Javaid Lodhie's request for cancellation of removal and voluntary departure because Mr. Lodhie did not provide a credible account of a fifteen-year-old forgery conviction for which he was given probation, community service and a small fine. I cannot, however, fathom how Mr. Lodhie's mere inability to describe the exact circumstances surrounding his fifteen-year-old forgery conviction justified the denial of Mr. Lodhie's request when it is clear that Mr. Lodhie demonstrated "more than ample hardship[s]." Although I do not disagree with the majority disposition's legal conclusion that we lack jurisdiction, I dissent in the interest of fairness and justice.

Mr. Lodhie has lived in the United States for over forty years. He has been

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

438

married to a United States citizen for almost thirty-seven years, and he has two United States citizen daughters. Additionally, Mr. Lodhie has consistently worked as an electrical engineer since 1970, and provided numerous letters from his family and friends attesting to his good character. Indeed, the IJ acknowledged that Mr. Lodhie's family ties, length of time in America, and the emotional and financial suffering of his family showed "more than ample hardship to justify granting relief." The IJ repeated this point saying: "there are more than ample equities, there are strong equities, strong hardship, more than adequate to justify relief. No question." Nevertheless, the IJ exercised his discretion to deny Mr. Lodhie both cancellation of removal and voluntary departure. Furthermore, by denying Mr. Lodhie's request for voluntary departure, the IJ assured that Mr. Lodhie could not legally come to back to see his family for at least ten years. *See* 8 U.S.C. § 1182(a)(9)(A)(ii). I believe that the IJ's decision was more than an abuse of discretion-it was cruel and it was fundamentally unfair and unjust.

Accordingly, I dissent.