FILED

**NOT FOR PUBLICATION**

JUN 03 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HUMBERTO GOMEZ ISLAS; MARISELA GUADALUPE GOMEZ, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 08-70223 <br><br> Agency Nos. A097-347-166 <br> A097-347-167 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 25, 2010[**]

Before:    CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Humberto Gomez Islas and Marisela Guadalupe Gomez, natives and citizens

of Mexico, petition for review of the Board of Immigration Appeals' order

dismissing their appeal from an immigration judge's ("IJ") decision denying their

application for cancellation of removal. Our jurisdiction is governed by 8 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1252. We review de novo questions of law, including due process violations. *Vasquez-Zavala v. Ashcroft*, 324 F.3d 1105, 1107 (9th Cir. 2003). We dismiss in part and deny the petition for review.

We lack jurisdiction to review the IJ's discretionary determination that petitioners failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005).

Petitioners' contention that the IJ violated their due process rights by disregarding or misapplying their evidence of hardship is not supported by the record and does not amount to a colorable constitutional claim. *See id.* ("[T]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction.").

Contrary to petitioners' contention, the IJ's interpretation of the hardship standard falls within the broad range authorized by the statute. *See Ramirez-Perez v. Ashcroft*, 336 F.3d 1001, 1004-1006 (9th Cir. 2003).

Petitioners cannot prevail on their due process challenges, because they have not shown prejudice from the IJ's actions. *See Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 926 (9th Cir. 2007).

This court cannot consider new evidence presented on appeal that was not presented to the agency.  *See* 8 U.S.C. § 1252(b)(4)(A).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part**.