**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUIS HERNANDEZ-MEJIA, | No. 08-74851 |
| Petitioner, | Agency No. A070-084-661 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 21, 2012[**]

Before:     FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

Luis Hernandez-Mejia, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his applications for asylum and cancellation

of removal.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we review de novo due process claims, *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's denial of Hernandez-Mejia's asylum claim because he failed to demonstrate he was or will be harmed on account of a protected ground. *See INS v. Elias-Zacarias*, 502 U.S. 478, 482-83 (1992) (even if the petitioner holds a political opinion, he still must establish targeting because of that political opinion). Accordingly, Hernandez-Mejia's asylum claim fails. *See Ochoa v. Gonzales*, 406 F.3d 1166, 1172 (9th Cir. 2005).

Hernandez-Mejia contends the agency applied the incorrect legal standard to his cancellation of removal claim, and in particular, failed to consider his ability to work and support his children in El Salvador. The record belies this contention. Because the agency applied the correct legal standard, we lack jurisdiction to review the agency's discretionary hardship determination. *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 980 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**