**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 23 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICARDO LOPEZ-AGUILAR, AKA John Doe, <br><br>               Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br>               Respondent. | No.    16-72472 <br><br> Agency No. A206-784-349 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 15, 2018[**]

Before:     FARRIS, BYBEE, and N.R. SMITH, Circuit Judges.

Ricardo Lopez-Aguilar, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for cancellation of removal.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We dismiss the petition for review.

We lack jurisdiction to review the agency's discretionary determination that Lopez-Aguilar lacks good moral character under the catch-all provision of 8 U.S.C. § 1101(f). *See Moran v. Ashcroft*, 395 F.3d 1089, 1091 (9th Cir. 2005) (the court lacks jurisdiction to review discretionary determinations of moral character), *overruled on other grounds by Sanchez v. Holder*, 560 F.3d 1028 (9th Cir. 2009). Lopez-Aguilar's contentions do not amount to a colorable constitutional claim or question of law that would invoke our jurisdiction. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005) ("To be colorable in this context, . . . the claim must have some possible validity." (citation and international quotation marks omitted)); *Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (agency need not write an exegesis on every contention).

We lack jurisdiction to consider Lopez-Aguilar's unexhausted contention that the agency improperly relied on the Form I-213 in its good moral character determination. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (this court lacks jurisdiction to review contentions not raised before the agency).

**PETITION FOR REVIEW DISMISSED.**