**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

OCT 19 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LEOPOLDO VILLALBA-FRANCO,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.   20-72712

Agency No. A206-150-562

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 12, 2021**

Before:     TALLMAN, RAWLINSON, and BUMATAY, Circuit Judges.

Leopoldo Villalba-Franco, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for cancellation of

removal.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review de novo

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

questions of law, including claims of due process violations in immigration proceedings. *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We deny in part and dismiss in part the petition for review.

Villalba-Franco's claim that the agency violated his right to due process by declining to permit expert witness testimony fails where he has not established prejudice from any alleged violation. *See Lopez-Umanzor v. Gonzales*, 405 F.3d 1049, 1056-58 (9th Cir. 2005) (to prevail on due process grounds, the noncitizen must establish the proceeding was so fundamentally unfair that he was prevented from reasonably presenting his case and he suffered prejudice from the violation).

We otherwise lack jurisdiction to review the agency's discretionary determination that Villalba-Franco did not show exceptional and extremely unusual hardship to a qualifying relative for purposes of cancellation of removal, where Villalba-Franco's remaining challenges to the determination do not raise a colorable legal or constitutional claim over which we retain jurisdiction. *See* 8 U.S.C. § 1252(a)(2)(B)(i), (D); *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005). Villalba-Franco's reliance on *Guerrero-Lasprilla v. Barr*, ⸺ U.S. ⸺, 140 S. Ct. 1062 (2020), is misplaced. *See Ramadan v. Gonzales*, 479 F.3d 646, 650 (9th Cir. 2007) (application of a legal standard to undisputed facts is a legal question under 8 U.S.C. § 1252(a)(2)(D)); *see also Mendez-Castro v. Mukasey*, 552 F.3d 975, 979 (9th Cir. 2009) (*Ramadan* does not apply to the

subjective hardship standard).

Villalba-Franco's contention that jurisdiction did not vest with the immigration court due to the missing information in his Notice to Appear is foreclosed by *Aguilar Fermin v. Barr*, 958 F.3d 887, 895 (9th Cir. 2020) ("[T]he lack of time, date, and place in the NTA sent to [petitioner] did not deprive the immigration court of jurisdiction over her case.").

The temporary stay of removal remains in place until issuance of the mandate. The motion for a stay of removal is otherwise denied.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part**.