NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 20 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FERNANDO RAMIREZ RUIZ, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 19-72117 <br><br> Agency No. A208-121-608 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 14, 2021**

Before:    WALLACE, CLIFTON, and HURWITZ, Circuit Judges.

Fernando Ramirez Ruiz, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for cancellation of removal.

Our jurisdiction is governed by 8 U.S.C. § 1252.  We review de novo questions of

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

law, including claims of due process violations in immigration proceedings. *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We deny in part and dismiss in part the petition for review.

The BIA did not err in concluding that Ramirez Ruiz failed to establish the IJ violated his right to due process by exhibiting bias. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim); *see also Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 926 (9th Cir. 2007) (concluding no due process violation where the noncitizen failed to show that "the IJ had a deep-seated favoritism or antagonism that would make fair judgment impossible").

We otherwise lack jurisdiction to review the agency's discretionary determination that Ramirez Ruiz did not show exceptional and extremely unusual hardship to his qualifying relatives for purposes of cancellation of removal where the petition does not further raise a colorable legal or constitutional claim over which we retain jurisdiction. *See* 8 U.S.C. §§ 1252(a)(2)(B)(i), (D); *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005). Ramirez Ruiz's reliance on *Guerrero-Lasprilla v. Barr*, ⸺ U.S. ⸺, 140 S. Ct. 1062 (2020), is misplaced. *See Ramadan v. Gonzales*, 479 F.3d 646, 650 (9th Cir. 2007) (application of a legal standard to undisputed facts is a legal question under 8 U.S.C. § 1252(a)(2)(D)); *see also Mendez-Castro v. Mukasey*, 552 F.3d 975, 979 (9th Cir. 2009) (*Ramadan*

does not apply to the subjective hardship standard).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part**.