NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 22 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LORENZO VASQUEZ VASQUEZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 22-991

Agency No.
A206-547-375

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 16, 2023**
Portland, Oregon

Before: TALLMAN and RAWLINSON, Circuit Judges, and RAKOFF, District
Judge.***

Petitioner Lorenzo Vasquez Vasquez seeks reversal of the final order of

the Board of Immigration Appeals (BIA) dismissing his appeal and affirming

the decision of the Immigration Judge (IJ) denying his application for

---

\* This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

cancellation of removal, asylum, withholding of removal, and protection under the Convention Against Torture (CAT).  We have jurisdiction pursuant to 8 U.S.C. § 1252.  Because the parties are familiar with the facts of this appeal, we do not recite them here.  We dismiss in part and deny in part the petition.

"Where the BIA conducts its own review of the evidence and law, rather than adopting the IJ's decision, our review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted." *Rodriguez v. Holder*, 683 F.3d 1164, 1169 (9th Cir. 2012) (cleaned up).  We review factual findings related to eligibility for asylum, withholding of removal, and CAT for substantial evidence.  8 U.S.C. § 1252(b)(4)(B); *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022) (CAT protection); *Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021) (asylum and withholding of removal).

1. To be eligible for cancellation of removal, a petitioner must show in part that they are a person of good moral character during the ten years immediately preceding the application.  8 U.S.C. § 1229b(b)(1)(A)–(D).  Petitioner urges this court to assert jurisdiction over the IJ's finding that Petitioner lacks good moral character and is therefore ineligible for cancellation of removal.  However, 8 U.S.C. § 1252(a)(2)(B)(i) precludes our jurisdiction over discretionary moral character determinations under the "catchall" provision of 8 U.S.C. § 1101(f).  And on appeal Petitioner fails to raise a colorable legal or constitutional question. 8 U.S.C. § 1252(a)(2)(D); *see Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005).

2

2. To be eligible for asylum, a petitioner must either file an application within one year of arrival or show that the petitioner is eligible for an exception to the deadline. 8 U.S.C. § 1158(a)(2)(B), (D). It is undisputed that Petitioner entered the United States in 2000 and did not apply for asylum until 2015. Before the agency, he unavailingly argued he was eligible for an exception. In his opening brief, Petitioner does not challenge the agency's determination that he failed to timely apply for asylum and focuses instead on his risk of persecution. Because Petitioner chose not to address the agency's determination that his asylum application is time barred, he has waived the issue on appeal. *See* Fed. R. App. P. 28(a)(8)(A) (requiring opening briefs to contain all arguments).

We also find that substantial evidence supported the BIA's determination that Petitioner failed to establish his eligibility for withholding of removal. Petitioner failed to adduce evidence of past persecution and the BIA appropriately found that evidence that other members of Petitioner's family who also owned land continued to live in Mexico unharmed undermined Petitioner's contention landowners in his hometown and of his ethnic background would likely be persecuted. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006) (noting that "[t]o qualify for withholding of removal, an alien must demonstrate that it is more likely than not that he would be subject to persecution on one of the specified grounds").

3. To be eligible for CAT protection, a petitioner must show that "it is

more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). "The same 'more likely than not' standard applies to CAT protection as it does to withholding of removal; however, for CAT protection, the harm feared must meet the definition of torture." *Sharma* 9 F.4th at 1067 (quoting *Tamang v. Holder*, 598 F.3d 1083, 1095 (9th Cir. 2010)). Petitioner fails to demonstrate that the harm he fears meets the definition of torture or that he would be tortured if removed to Mexico. Instead, he points generally to country conditions reports showing conditions in Mexico have deteriorated. Accordingly, his CAT claim fails.

**PETITION DISMISSED in part and DENIED in part**.

22-991