NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 1 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SERGIO RAMIREZ-PEREZ, | No. 19-73276 |
| Petitioner, | Agency No. A201-240-639 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 1, 2024[**]
Portland, Oregon

Before: RAWLINSON, BEA, and SUNG, Circuit Judges.

Sergio Ramirez-Perez, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") decision affirming the Immigration

Judge's ("IJ") denial of cancellation of removal. We have jurisdiction under 8

U.S.C. § 1252(a)(2)(D) to review questions of law presented in a petition for

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

review of an agency decision denying cancellation of removal, including whether the agency "failed to apply a controlling standard governing [its] discretionary determination." *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 979 (9th Cir. 2009). "Where, as here, the BIA agrees with the IJ's reasoning, we review both decisions." *Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018) (citation omitted). For the reasons below, we deny Ramirez-Perez's petition.

1. The agency applied the correct legal standard in deciding that Ramirez-Perez did not demonstrate that his removal would impose an "exceptional and extremely unusual hardship" on his children. *Mendez-Castro*, 552 F.3d at 978 ("Under 8 U.S.C. § 1229b(b)(1), '[t]he Attorney General may cancel removal of . . . an alien . . .' if the alien satisfies four criteria, including a showing 'that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence.'"). First, the agency was permitted to consider whether Ramirez-Perez's children would continue to have access to medical resources after his removal, and doing so did not amount to the agency imposing an "unconscionable" standard on Ramirez-Perez. *Figueroa v. Mukasey*, 543 F.3d 487, 498 (9th Cir. 2008), *impliedly overruled on other grounds in Abebe v. Mukasey*, 554 F.3d 1203 (9th Cir. 2009) ("[D]iscretion in cancellation of removal cases [should] be exercised on the basis of whether removal *would result* in an

2

exceptional and extremely unusual hardship to the citizen-children."). Second, because Ramirez-Perez raises for the first time the argument that the agency erred by failing to consider whether his daughters would suffer hardship if relocated to Mexico, we agree with the Government that Ramirez-Perez failed to exhaust this issue below, as required under 8 U.S.C. § 1252(d)(1). *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023) (citing *Santos-Zacaria v. Garland*, 598 U.S. 411, 431 (2023)) (holding § 1252(d)(1) is a non-jurisdictional claim-processing rule).

2. The agency did not fail to consider relevant evidence in making its decision. *Szonyi v. Whitaker*, 915 F.3d 1228, 1238 (9th Cir. 2019) (This court has "jurisdiction to review whether the [agency] considered relevant evidence in making [its] decision."). The agency found the record sufficiently established Ramirez-Perez's daughters' health conditions based on testimony and medical documentation. However, it also found the record did not establish that they would lose health insurance should Ramirez-Perez be removed. *See Szonyi v. Barr*, 942 F.3d 874, 897 (9th Cir. 2019) (finding no error where "[t]he [agency] expressly considered . . . and explicitly incorporated . . . the positive equities [petitioner] claims the [agency] erroneously failed to consider" but still denied relief). To the extent Ramirez-Perez disputes the agency's finding regarding a lack of hardship, we do not have jurisdiction to review such a claim. *Martinez-Rosas v. Gonzales*,

3

424 F.3d 926, 930 (9th Cir. 2005) (holding that an assertion that "the IJ erred in finding that [petitioner] did not meet the requirement of 'exceptional and extremely unusual hardship[]' . . . is nothing more than an argument that the IJ abused his discretion, a matter over which we have no jurisdiction").

3. Finally, a defective notice to appear does not divest the immigration court of subject matter jurisdiction. *United States v. Bastide-Hernandez*, 39 F.4th 1187, 1191 (9th Cir. 2022) (en banc) (holding that 8 C.F.R. § 1003.13 is a claims-processing rule that does not implicate the court's adjudicatory authority). The BIA therefore did not err in denying Ramirez-Perez's motion to terminate and remand based on the IJ's lack of subject matter jurisdiction.

**PETITION DENIED.**