NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 3 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ZHIYONG DONG, | No. 21-293 |
| Petitioner, | Agency No. A205-555-466 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 21, 2025**

Before:    SILVERMAN, LEE, and VANDYKE, Circuit Judges.

Zhiyong Dong, a native and citizen of China, petitions pro se for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying Dong's motion to reopen his in absentia

removal order. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

of discretion the denial of a motion to reopen. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

As to lack of notice, the agency did not abuse its discretion in denying Dong's motion to reopen where he failed to establish he provided a current address to the government. *See* 8 U.S.C. § 1229(a)(2)(B); *Velasquez-Escovar v. Holder*, 768 F.3d 1000, 1004 (9th Cir. 2014) (notice required unless petitioner fails to provide a current or updated address to the government).

As to exceptional circumstances, the agency did not abuse its discretion in denying Dong's motion to reopen as untimely, where it was filed two years after the final removal order, and Dong did not show that any statutory or regulatory exception applies. *See* 8 U.S.C. § 1229a(b)(5)(C)(i) (motion to reopen in absentia removal order based on exceptional circumstances must be filed within 180 days); 8 C.F.R. § 1003.23(b)(4)(iii) (listing examples of exceptional circumstances).

As to the agency's order declining to reopen removal proceedings sua sponte, we have jurisdiction to review this discretionary determination only for legal or constitutional error. *See Lona v. Barr*, 958 F.3d 1225, 1227 (9th Cir. 2020). We find no legal or constitutional error underlying the agency's decision. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005) ("[T]raditional abuse of discretion challenges recast as alleged due process violations do not

constitute colorable constitutional claims that would invoke our jurisdiction.").

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**